# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-2296-RMR

CRYSTAL PACKAGING, INC.,

      Plaintiff,

vs.

THE LIBMAN COMPANY,

Defendant.

---

## LIBMAN'S PARTIAL MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Libman Company ("Libman") respectfully moves for an order dismissing Plaintiff Crystal Packaging, Inc.'s ("Crystal") claims for unjust enrichment and promissory estoppel (Counts Two and Three). Both claims are defective as a matter of law and should be dismissed.

## INTRODUCTION

This lawsuit arises out of a contractual dispute between the parties concerning the production and purchase of 32-ounce bottles of disinfectant spray. Libman and Crystal entered into a written purchase agreement and an addendum to the purchase agreement (collectively, the "Contract"), on October 12, 2020 and February 4, 2021, respectively. Compl. at ¶¶ 7, 14. Pursuant to the Contract, Crystal agreed to produce, bottle, and package 32-ounce bottles of "EPA certified" disinfectant formula. *Id.* at ¶¶ 7–8. Crystal alleges that "Libman has failed to perform its obligation" under the Contract because Libman did not "take or pay" for the 32-ounce bottles

produced by Crystal. *Id.* at ¶¶ 9–12, 17–18. Based on these allegations, Crystal asserts claims for breach of contract, unjust enrichment, and promissory estoppel. *Id.* ¶¶ 20–32.[1]

Crystal's claims for unjust enrichment and promissory estoppel fail as a matter of law and must be dismissed. Under well-settled Colorado law, a plaintiff cannot recover for quasi-contract claims such as unjust enrichment and promissory estoppel when an express contract covers the same subject matter. *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003) (unjust enrichment); *Wheat Ridge Urban Renewal Auth. v. Cornerstone Grp. XXII, LLC*, 176 P.3d 737, 741 (Colo. 2007) (promissory estoppel). Here, Crystal does not allege any facts suggesting that its quasi-contractual claims fall outside of the scope of the Contract. Rather, Crystal's allegations make clear that its claims for unjust enrichment and promissory estoppel arise from the same conduct covered by the contract: specifically the express agreement between Crystal and Libman regarding the production and purchase of the 32-ounce bottles of disinfectant. Thus, Crystal cannot recover on these claims, and the Court should dismiss them with prejudice.

---

[1] Libman moves to dismiss Crystal's second and third claims for unjust enrichment and promissory estoppel and reserves all rights and defenses related to Crystal's first claim for breach of contract. Libman further reserves its right to answer any claims that may remain following the Court's resolution of this Motion. *See* Fed. R. Civ. P. 12(a)(4)(A); 5B Charles Wright et al., Fed. Prac. & Proc. Civ. § 1346 (3d ed. 2019 update) ("[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *see also Kent v. Geren*, No. 07-cv-02202-ZLW-MJW, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008) (finding that the deadline to file a responsive pleading had been suspended due to filing of partial motion to dismiss and denying motion for default judgment); *Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases for the same proposition).

## LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a claim for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In contrast, "'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555).

Courts applying Colorado law have routinely dismissed at the pleading stage quasi-contract claims asserted alongside breach of contract claims. *See, e.g., Evans v. Maytag Aircraft Corp.*, No. 16-cv-02264-RBJ, 2017 WL 1437296, at*7 (D. Colo. Mar. 14, 2017) (dismissing unjust enrichment claim because it was precluded by an express contract); *Leighton v. City & Cty of Denver*, No. 14-cv-02812-PAB-NYW, 2015 WL 5532751, at *7 (D. Colo. Sept. 21, 2015) (dismissing promissory estoppel claim because it was precluded by an express contract).

## ARGUMENT

### A.   Crystal's Unjust Enrichment Claim Must Be Dismissed Because the Claim is Precluded by the Existence of the Contract

"Unjust enrichment is a form of quasi-contract or contract implied in law that does not depend in any way upon a promise or privity between the parties." *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). Generally, a party cannot recover for unjust enrichment "when an express contract covers the same subject matter because the express contract precludes

any implied-in-law contract." *Pernick v. Computershare Tr. Co.*, 136 F. Supp. 3d 1247, 1268 (D. Colo. 2015) (quoting *Interbank Invs.*, 77 P.3d at 816). Colorado courts recognize just two exceptions to this rule: "'First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract. Second, a party can recover on a quasi-contract when the party will have no right under an enforceable contract,' such as 'when an express contract failed or was rescinded.'" *Id.* (quoting *Interbank Invs.*, 77 P.3d at 816).

The Colorado Court of Appeal's decision in *Interbank* is instructive. There, plaintiff sued defendant for breach of contract and unjust enrichment because the defendant failed to pay for a water distribution system and subsequent tap water fees as required by the contracts at issue. *Interbank Invs.*, 77 P.3d at 815. The Court of Appeals reversed the trial court's unjust enrichment award because the conduct underlying the claim was the same as the subject matter contemplated by the express contract between the parties. *Id.* at 817. In reaching this determination, the court explained that "the contracts contemplated payment . . . to be collected over time, and the risk of nonpayment inheres in these as well as in most other contracts," and that the trial court had calculated the unjust enrichment based on the contracts' reimbursement formula. *Id.*

Like *Interbank*, here there can be no dispute that Crystal's unjust enrichment claim embraces the same subject matter as the Contract. Indeed, in reciting the elements of its threadbare claim, Crystal admits that "Libman received the benefits *pursuant to the purchase agreement and addendum thereto*." Compl. at ¶ 25 (emphasis added). The Complaint goes on to allege that it would "be unjust and inequitable for [Libman] to retain the benefit without payment of the value received at the expense of [Crystal]." *Id.* at ¶ 27. These boilerplate recitals do nothing more than refer to the Contract and do not describe, or even allude to, conduct outside of the Contract's express terms. Thus, by its plain language, the alleged conduct giving rise to Crystal's unjust enrichment claim falls squarely within the boundaries of the Contract. *See, e.g., Greenway*

*Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1261 (D. Colo. 2014) ("There was an express contract covering any claim for loss of good and services . . . . Therefore, an unjust enrichment claim for goods or services is precluded.").

As for the second exception, "the threshold determination is not the adequacy of the remedy under an express contract, but rather its enforceability." *Pernick*, 136 F. Supp. 3d at 1268. Where, as here, there is an express, enforceable contract covering the same subject matter as the unjust enrichment claim, the second exception will not apply. *Id.* Notably, Colorado federal courts have routinely applied this well-settled law to dismiss unjust enrichment claims in similar circumstances. In *Pernick*, the plaintiff pleaded an unjust enrichment claim in the alternative, asserting that, in return for facilitating the issuance of stock, the defendant received fees and commissions at plaintiff's expense. *Id.* at 1268. The court dismissed this claim, however, because the "conduct giving rise to plaintiff's unjust enrichment claims is covered by the Agreement," and plaintiff did not assert that the contract was unenforceable. *Id.*; *see also Rossetti Assocs., Inc. v. Santa Fe 125 Denver, LLC*, No. 09-cv-00338-WJM-BNB, 2011 WL 834177, at *7 (D. Colo. March 4, 2011) (dismissing unjust enrichment claim on motion for summary judgment and concluding that, "because there is an enforceable contract between the two parties, the express contract precludes the unjust enrichment claim" (citing *Interbank*, 77 P.3d at 818–19)).

As set forth above, Crystal has a remedy under the enforceable contract between the parties that applies to its claim of unjust enrichment. Pursuant to clear and controlling Colorado law, the claim must be dismissed with prejudice.

### B. Crystal's Promissory Estoppel Claim Must Be Dismissed Because It Is Likewise Precluded by the Contract

Like unjust enrichment, "[r]ecovery on a theory of promissory estoppel is incompatible with the existence of an enforceable contract." *Wheat Ridge Urban Renewal Auth.*, 176 P.3d at 741 (citation omitted). Consequently, courts must dismiss a claim for promissory estoppel where

5

an enforceable contract governs the same subject matter. *Leighton*, 2015 WL 5532751, at *7 (citations omitted) (dismissing promissory estoppel claim because, among other things, the same subject matter was governed by an enforceable contract). In *Leighton*, the plaintiffs brought a promissory estoppel claim asserting that the terms of a preliminary contract bound the defendant to enter into a final, subsequent contract. *Id.* The plaintiffs argued that they expended time and resources in reliance on the promised, subsequent contract. *Id.* The court, however, dismissed the claim on multiple grounds, including, as relevant here, because the preliminary contract governed the same subject matter. *Id.* at *7–8.

Just like the unjust enrichment claim, there is no doubt that Crystal's promissory estoppel claim addresses the same subject matter as the Contract. To make out its claim, Crystal alleges that Libman "made a promise clear and unambiguous its terms for the purchase of 32 oz. bottles of disinfectant." Compl. ¶ 29. This allegation mirrors the recital supporting Crystal's breach of contract claim, which itself provides that "Crystal entered into a purchase agreement and addendum to the purchase agreement with Libman for the production of 32 ounce bottles of disinfectant." *Id.* ¶ 21. In other words, the "promise" at the heart of Crystal's promissory estoppel claim and the terms of the Contract are one and the same. Thus, Crystal's claim for promissory estoppel must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Libman respectfully requests an order dismissing with prejudice Crystal's claims for unjust enrichment and promissory estoppel.

DATED: October 1, 2021        */s/ Suneeta Hazra*
Suneeta Hazra
Eliseo R. Puig
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street
Suite 3100
Denver, CO 80202
303.863.1000
suneeta.hazra@arnoldporter.com
eliseo.puig@arnoldporter.com

Mollie DiBrell*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202.942.6826
mollie.dibrell@arnoldporter.com

*Admitted only in Colorado; not admitted to the practice of law in the District of Columbia.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically filed the foregoing **LIBMAN'S PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, and will send notification of such filing to the following via email:

Scott Hale
Scott A. Hale, P.C.
3333 S. Bannock Street, Ste. 1015
Englewood, CO 80110
sahale@integra.net

Brett R. Lilly
Brett R. Lilly, LLC
P.O. Box 1081
Wheat Ridge, CO 80034
brettlilly@comcast.net

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Tanya Huffaker*