IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02296-RMR-SKC

Crystal Packing, Inc.
        Plaintiff,

v.

The Libman Company
        Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF
CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE
PARTIES**

Scheduling/Planning Conference set for Telephone Scheduling Conference set for 1/11/2022 11:00 AM in Courtroom C201 before Magistrate Judge S. Kato Crews.

Counsel for Crystal Packaging, Inc: Brett R. Lilly, Brett R. Lilly, LLC6730 West 29th Avenue Wheat Ridge CO 80214.  Telephone:     303.233.0973.

Scott A. Hale, Scott A. Hale, P.C., 3333 S. Bannock Street, Ste. 1015 Englewood, CO 80110. Telephone 303.781.5558.

Attorney for The Libman Company: Suneeta Hazra, Arnold & Porter Kaye Scholer LLP, 1144 Fifteenth Street, Suite 3100, Denver, CO 80202. Telephone: 303.863.2366.

## 2. STATEMENT
## OFJURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which

confers original jurisdiction over "all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .

. . citizens of different States." 28 U.S.C. § 1332(a)(1).

The amount in controversy exceeds $75,000, exclusive of interest and costs.

Complete diversity of citizenship exists between Plaintiff and Defendant.

Plaintiff is a citizen of Colorado. Defendant it is a professional corporation incorporated

in Illinois with its principal place of business in Arcola, Illinois.

## 3. STATEMENT OF CLAIMS AND
## DEFENSES

a. Plaintiffs: The Plaintiff pleads three claims for relief which include breach of

   contract, and in the alternative unjust enrichment and promissory estoppel

   associated with a purchase agreement for production, bottling and packaging of

   disinfectant into 32 ounce bottles.

b. Defendants: Defendant filed a motion to dismiss Plaintiff's claims for unjust

   enrichment and promissory estoppel because such common law claims are

   barred when, as is the case here, a written contract governs the parties

   relationship. Defendant reserves the right to bring affirmative defenses against

   Plaintiff at the time it files its Answer, including but not limited to, breach of

   contract.

c.   Other Parties:  None.

## 4.  UNDISPUTED
## FACTS

The following facts are undisputed:

Plaintiff is a contract packager in the business of mixing, bottling and packaging chemical into finished goods. Defendant was a distributor of a Mulit Surface Disinfectant registered by a third-party, Innovasource LLC, and produced by Innovasource's contract producer, Plaintiff Crystal.  Defendant and Plaintiff  entered into a purchase agreement on October 12, 2020 for the production, bottling and packaging of disinfectant in 32 ounce bottles. The agreement was modified by addendum on February 4, 2021.

In May 2020, Defendant voluntarily pulled the product from retail stores due to leaking containers.

## 5.  COMPUTATION OF
## DAMAGES

Plaintiff is seeking the following economic damages in this action:

Plaintiff is requesting compensatory damages to include actual and consequential damages to include revenue from mandatory minimums under the take or pay provision of the contract, for lost profits and loss of business opportunities, for expenses and costs associated with the purchase of equipment, inventory and infrastructure; storage fees for finished product, raw materials and disposal fees, cost

of suit, expert fees, attorney fees, pre and post judgement interest as provided by law.

Defendant reserves the right to seek damages and will amend accordingly after the Court's ruling on the pending Motion to Dismiss.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

b.  Names of each participant and party he/she represented.

Counsel for Plaintiff: Brett R. Lilly, Brett R. Lilly, LLC, 6730 West 29th Avenue, Wheat Ridge CO 80214. Telephone: 303.233.0973.

Scott A. Hale, Scott A. Hale, P.C., 3333 S. Bannock, Ste. 1015, Englewood, CO 80110. Telephone: 303.781.5558.

Attorneys for Defendant: Suneeta Hazra, Arnold & Porter Kay Scholer LLP, 1144 Fifteenth Street, Suite 3100, Denver, CO 80202. Telephone: 303.863.2366

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made. **Rule 26(a)(1) disclosures shall be made on or before January 21, 2022.**

~~Will be disclosed 28 days after Defendant files an Answer.~~

~~The good cause is that Plaintiffs did not remove this case and were anticipating the state court deadlines, and no Answer has been filed yet because of the pending motion to dismiss.~~

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See section c, above.

e.  Statement concerning any agreements to conduct informal discovery:

The parties are open to informal discovery if the appropriate circumstances

arise.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties are open to exploring ways to limit discovery, for example sharing

deposition costs of depositions that both parties want to take. And the parties will

agree to use a unified exhibit numbering system.

The parties agree to deliver via electronic transfer protocols (e.g., ShareFile)

and to produce documents in TIFF images, with extracted text files, and a metadata

.DAT file. The parties also agree that they are not obligated to review or produce exact

duplicate documents (i.e., matching MD5 hash) or non-inclusive emails (i.e., duplicative

email chains.)

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate extensive electronic discovery.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have agreed that it would be worthwhile to explore early resolution

either through settlement negotiations between counsel or through mediation.

Mediation is currently scheduled for January 14, 2021.

5

# 7.
# CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

# 8.  DISCOVERY
# LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers
        of depositions or interrogatories contained in the Federal Rules.

None.  **Each party is limited to 25 interrogatories including discreet
subparts.  Each party is limited to 10 depositions.**

b.      Limitations which any party proposes on the length of depositions.

The parties agree to revisit this topic as more information becomes available

about the knowledge of each potential deponent.  **Depositions are limited to one day

of seven hours.**

c.      Limitations which any party proposes on the number of requests for
        production and/or requests for admission.

 The parties agree to limit the requests to 25 per side and not per party.

d.      Deadline for service of Interrogatories, Requests for Production of
        Documents and/or Admissions: **June 10, 2022**

~~July 8, 2022~~

e.      Other Planning or Discovery Orders

Parties anticipate entering into a stipulated protective order.

# 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **February 25, 2022**

~~60 days after the Court's ruling on the pending motion to dismiss.~~

b.      Discovery Cut-off: **July 11, 2022** ~~December 16, 2022.~~

c.      Dispositive Motion Deadline: **August 10, 2022** ~~45 days after discovery closes~~

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Liability expert for Plaintiff and any expert(s) necessary for rebuttal of Defendant's experts.
Defendant: Chemist, Product Compliance, Damages and any expert(s) necessary for rebuttal of Plaintiff's experts.

2.      Limitations which the parties propose on the use or number of expert witnesses.  **Each side is limited to 3 retained experts.**

~~None~~

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 11, 2022** ~~September 5, 2022.~~

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 10, 2022** ~~November 4, 2022.~~

e.      Identification of Persons to Be Deposed:

The parties agree to revisit this topic as more information becomes available about the knowledge of each potential deponent. Each party reserves its rights to call additional deponents for a deposition.

**10.  DATES FOR FURTHER CONFERENCES**

a. **Joint Status Report shall be filed no later than April 6, 2022.  Counsel shall refer to this Court's practice standards for specifics.**

b. A final pretrial conference will be **set by District Judge Rodriguez.**

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None

b. Anticipated length of trial and whether trial is to the court or jury.

Eight (8) day Jury Trial is what is anticipated by Defendants. Plaintiff anticipates a Five (5) day trial to the Court.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None at this time.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 11th day of January, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

---

Brett R. Lilly
6730 West 29th Avenue,
Wheat Ridge CO  80214
303.233.0973

Scott A. Hale
Scott A. Hale, P.C.
3333 S. Bannock Street, Ste. 1015
Englewood, CO 80110
sahale@integra.net

Attorney for Plaintiff

---

Suneeta Hazra
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80211
303.863.2366
Suneeta.hazra @arnoldporter.com

Attorney for Defendant